Li v. Barr

BIA
A200 741 552

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

PRESENT:
ROSEMARY S. POOLER,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

XIANG JIN LI, AKA SUN MI JUN,
AKA SUN MI LEE JUN,
*Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

18-2497
NAC

_____

FOR PETITIONER: Erin O'Neil-Baker, Hartford Legal Group, LLC, Hartford, CT.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Liza S. Murcia, Senior Litigation Counsel; Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Jin Li, a native and citizen of the People's Republic of China, seeks review of an August 3, 2018, decision of the BIA, denying her motion to reopen. *In re Xiang Jin Li,* No. A200 741 552 (B.I.A. Aug. 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In her motion to reopen, Li asserted that conditions for Christians, ethnic Koreans, and dissidents had worsened in China thereby excusing the untimely filing of her motion and demonstrating her prima facie eligibility for asylum.

It is undisputed that Li's 2018 motion to reopen was untimely filed more than four years after her removal order became final in 2013. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). A late filing is excused if

2

petitioner, seeking to apply for asylum, moves to reopen "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). The BIA did not err in finding that Li failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, Li's evidence demonstrated that the Chinese government has viewed unfavorably and mistreated unregistered Christian groups to varying degrees depending on region prior to Li's 2012 hearing. Li's evidence also failed to establish changed conditions for ethnic Koreans in China, discussing instead the Chinese government's consistent policy of detaining and returning North Korean refugees. Finally, Li's

3

evidence showed that the Chinese government has criminalized unlawful border crossings and monitored and detained dissidents since before her hearing, and she did not establish that the Chinese government perceives or would perceive her to be a dissident.

Accordingly, because Li did not establish a material change in country conditions, the BIA did not abuse its discretion in denying her motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). We do not reach the BIA's alternative basis for denying Li's motion—her failure to establish her prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

4